**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

December 2, 2022

**REQUEST DENIED.**
**The motion to adjourn the trial is denied.**

12/13/2022   SO ORDERED.

LEWIS J. LIMAN
United States District Judge

***VIA ECF***

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: ***United States v. Rafael Martinez, 22-CR-251 (LJL)***

Dear Judge Liman:

We represent Rafael Martinez in the above captioned matter. Mr. Martinez moves for the Court to adjourn trial pending the outcome of the United States Supreme Court's decision in *Dubin v. United States*, 27 F.4th 1021 (5th Cir. 2022) (en banc), *cert granted,* 2022 WL 16844774 (U.S. Nov. 10, 2022) (No. 22-10), or in the alternative, to dismiss Count Five of the Indictment, which charges Mr. Martinez with aggravated identity theft. Mr. Martinez's trial is currently set for May 1, 2023. No prior motions for adjournment have been made. We have asked the Government for their position on this motion, but they have not yet advised us of their response.

The Supreme Court granted certiorari in *Dubin* on November 10, 2022. In *Dubin*, the Supreme Court will determine the scope of the aggravated identify theft statute, 18 U.S.C. §1028A. The statute provides that "[w]hoever, during and in relation to any" of a number of enumerated felony violations, "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person" shall receive a mandatory two-year prison sentence to run consecutively to any other term of imprisonment. 18 U.S.C. §1028A(a)(1). Specifically, the Supreme Court will determine whether a person commits aggravated identity theft any time he mentions or otherwise recites someone else's name while committing a predicate offense. This is a question that has deeply divided the Courts of Appeals. *Compare United States v. Dubin*, 27 F.4th 1021 (5th Cir. 2022) (en banc) (affirming panel decision holding that §1028A is violated any time another person's identity is used in the commission of predicate offense) *and United States v. Abdelshafi*, 592 F.3d 602, 609 (4th Cir. 2010) (same) *with United States v. Hong*, 938 F.3d 1040, 1041 (9th Cir. 2019) (reversing aggravated identity theft conviction where defendants made misrepresentations to Medicare about services provided to patients, because defendants never "attempted to pass themselves off as the patients"); *United States v. Gatwas*, 910 F.3d 362, 368 (8th Cir. 2018) (holding that defendant could not be "convicted of aggravated identity theft simply because he used a client's name and social security number in submitting a tax return that fraudulently under-reported income or claimed bogus deductions"); *United States v. Miller*, 734 F.3d 530, 542 (6th Cir. 2013) (holding that a defendant did not "use" a means of identification within §1028A by signing a document in his own name which falsely stated that his business partners authorized him to apply for a loan).

The Supreme Court's decision in *Dubin* can be expected to alter the definition of what a jury must find to determine that a defendant has used a means of identification, which may materially impact how this Court will instruct the jury on the law pertaining to Count Five. Depending on *Dubin*'s resolution, it may mandate Count Five's dismissal.  A brief adjournment while *Dubin* is pending will ensure that the jury is accurately instructed and will promote trial efficiency by avoiding the relitigation of evidentiary issues that may be effected by how the Supreme Court defines the scope of §1028A.  Moreover, because the Supreme Court's term ends in June, any delay in proceedings will be minimal.  Mr. Martinez therefore respectfully requests that trial be adjourned until the Supreme Court issues a decision in *Dubin*, or in the alternative, requests that Count Five of the Indictment be dismissed on the grounds that it does not state a violation of Section 1028A.

Sincerely,

WILLKIE FARR & GALLAGHER LLP

/s/ Michael S. Schachter
Michael S. Schachter
Randall W. Jackson

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO PC

Elkan Abramowitz
Telemachus Kasulis

*Counsel for Rafael Martinez*

cc: AUSA Micah Fergenson (via ECF)