

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 4, 2023

**BY ECF**
The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

MEMO ENDORSEMENT.
The Court is prepared to conduct a *Curcio* hearing at the conference scheduled for January 17, 2023.

1/4/2023   SO ORDERED.
LEWIS J. LIMAN
United States District Judge

Re:   *United States* v. *Rafael Martinez*, 22 Cr. 251 (LJL)

Dear Judge Liman:

The defendant in the above-captioned action is represented by Elkan Abramowitz, Telemachus Kasulis, and Russell Feldman of the law firm Morvillo, Abramowitz, Grand, Iason & Anello PC ("Morvillo, Abramowitz"), and by Michael Schachter and Randall Jackson of the law firm Willkie Farr & Gallagher LLP ("Willkie Farr").  Mr. Schachter and Mr. Jackson are assisted by Steven Bellew, an associate at Willkie Farr.  Mr. Bellew has notified the Government that he has applied for a position as an Assistant United States Attorney in the Southern District of New York.  As a result of Mr. Bellew's application, and the potential conflict of interest that it presents, the Government respectfully requests that the Court hold a hearing pursuant to *United States* v. *Curcio*, 680 F.2d 881 (2d Cir. 1982), both to advise the defendant of his right to a counsel with no such potential conflict and to confirm on the record that the defendant is prepared to go forward with his current representation.

The Second Circuit has set forth the requirements for a *Curcio* procedure in detail:

> At such a hearing, the trial court (1) advises the defendant of his right to representation by an attorney who has no conflict of interest, (2) instructs the defendant as to the dangers arising from particular conflicts, (3) permits the defendant to confer with his chosen counsel, (4) encourages the defendant to seek advice from independent counsel, (5) allows a reasonable time for the defendant to make a decision, and (6) determines, preferably by means of questions that are likely to be answered in narrative form, whether the defendant understands the risk of representation by his present counsel and freely chooses to run them.

*United States* v. *Perez*, 325 F.3d 115, 119 (2d Cir. 2003).

The parties are next scheduled to appear before the Court in this matter on January 17, 2022 at 10 a.m.  The Government respectfully requests that the Court hold a *Curcio* hearing at that

time, or, alternatively, on another date that is convenient for the Court. A proposed set of questions to be posed at the *Curcio* hearing is attached for the Court's consideration.

Respectfully submitted,

By: _____

Katherine Reilly
Micah Fergenson
Assistant United States Attorneys
212-637-6521/2190

cc:   Counsel of Record (by ECF)


Enclosure

The Government's Proposed *Curcio* Hearing Questions

The Government respectfully requests the Court to include the following questions in its examination of Rafael Martinez, the defendant, pursuant to the procedures outlined in *United States* v. *Curcio*, 680 F.2d 881 (2d Cir. 1982). In addition, the Government respectfully requests that the Court address Mr. Martinez personally, seek to elicit narrative answers from Mr. Martinez, and give Mr. Martinez an opportunity to consider the Court's advice and review it with independent counsel prior to accepting a waiver, pursuant to *United States* v. *Rodriguez*, 968 F.2d 130, 138-39 (2d Cir. 1992).

Introductory Questions

1. How old are you?

2. How far did you go in school?

3. Do you currently consult a doctor for any condition?

4. Are you currently under the influence of alcohol or drugs of any kind?

5. Are you feeling well enough to proceed with this hearing today?

Circumstances of Representation

6. Are you currently represented by, among other attorneys, Michael Schacter, Randall Jackson, and Steven Bellew of the law firm Willkie Farr & Gallagher LLP?

7. Are the attorneys from Willkie Farr & Gallagher LLP retained or appointed counsel?

9. Do you know that Mr. Bellew has applied for a position with the United States Attorney's Office for the Southern District of New York — that is, the Office that is currently prosecuting you?

10. Because of Mr. Bellew's pending application for employment with the United States Attorney's Office for the Southern District of New York, I wish to advise you of certain matters. You should understand that under the United States Constitution and the laws of this country, you are entitled to the aid and assistance of counsel at all times in these proceedings. You are entitled to counsel of your own choice unless there is a strong legal reason for disqualifying that counsel. If you cannot afford an attorney, as you have already indicated, an attorney will be appointed to represent you without cost. Do you understand?

11. It is essential to the idea of an adequate defense in a criminal proceeding that your attorney have no conflicts or adverse interests of any kind. That is to say, he cannot, unless it is with your knowledge and consent, have any conflicting interest in the case. You have the right to the assistance of a lawyer whose loyalty to you is undivided and not subject to any factor that might intrude upon that loyalty. The purpose of this law is to ensure that you have the full devoted

defense furnished to you by an attorney who has no other possible interest of any kind in this matter. Do you understand that?

12. This Court — having presided as the judge in many trials in this courthouse — believes that representation where there is a potential conflict of interest, may be ill-advised. Do you understand that?

13. Do you understand that Mr. Bellew's application for employment with the United States Attorney's Office for the Southern District of New York, as a prosecutor, creates the potential that he may have allegiances to interests that may be adverse to your own interests?

14. Do you understand that, by deciding to proceed with Mr. Schachter, Mr. Jackson, and Mr. Bellew as part of your defense team, you are waiving any argument after your sentencing that they were ineffective or deficient in their representation of you, because Mr. Bellew suffered from a conflict of interest by virtue of his application for a position with the U.S. Attorney's Office?

<u>Discussions With Counsel Re: Potential Conflicts</u>

15. Have you discussed these conflict-of-interest matters with Mr. Schachter, Mr. Jackson, and Mr. Bellew?

16. Are you satisfied with their representation of you?

<u>Defendant's Narrative of Potential Conflicts and Rights</u>

17. I want you to please describe for me, in your own words, your understanding of the conflict of interest that potentially arises from Mr. Bellew's representation of you while pursuing his application for a position with the United States Attorney's Office as a federal prosecutor.

<u>Opportunity to Seek Advice of Other Counsel</u>

18. Do you understand that you have a right to consult with a lawyer other than Mr. Schachter, Mr. Jackson, and Mr. Bellew in order to determine whether you wish Willkie Farr to represent you?

19. Do you understand that the Court will give you an opportunity to do so and that the Court encourages you to do so?

20. Do you understand that if you cannot afford other counsel, the Court will appoint counsel to consult with you regarding these conflict of interest matters? Such an attorney will not be connected with Willkie Farr or the Government at all. Anything you tell that attorney will be a secret between you and the attorney. The attorney cannot tell Mr. Schachter, Mr. Jackson, or Mr. Bellew, me, or the Government's attorneys about your discussions with him or her. Do you understand that?

Questions to the Defense Attorneys

21. Mr. Schachter, Mr. Jackson, and Mr. Bellew, have you discussed the potential conflicts of interest with Mr. Martinez?

22. And do you feel that he understands the possible risks of being represented by a lawyer with potential conflicts of interest?

23. If you wish, Mr. Martinez, I will give you several days to consult with another attorney about these conflict of interest matters. You should think about the possibilities that I have told you about. You may talk it over with attorneys other than Mr. Schachter, Mr. Jackson, and Mr. Bellew. After you've thought it all over, I will ask you whether you have considered the matters I have talked about, whether you want than Mr. Schachter, Mr. Jackson, and Mr. Bellew to continue to represent you, and whether you want to waive your right to counsel who is not laboring under any potential conflicts of interest. I will also ask you whether you are willing to waive your rights to argue, on appeal or otherwise, that you were denied effective assistance of counsel because of Mr. Bellew's application for a position with the prosecutor's office for the Southern District of New York.

25. Is there anything that the Court has said that you wish to have explained further? Is anything unclear?

26. Would you like the opportunity to consult with another attorney? [If so, adjourn for such opportunity, and continue with the questions immediately following, upon reconvening.]

Second Proceeding if Requested and/or Concluding Questions

27. Do you still wish to proceed with than Mr. Schachter, Mr. Jackson, and Mr. Bellew as your attorneys in this case?

28. Have you received any inducements, promises or threats with regard to your choice of counsel in this case?

29. Do you agree to waive any and all future arguments, on appeal or otherwise, that you were denied effective assistance of counsel because of Mr. Bellew's pursuit of a position as a federal prosecutor with the Southern District of New York?

30. Is your waiver of your right to conflict-free representation voluntary?