```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA,                                         :
                                                                  :
            -v-                                                   :    22-cr-251 (LJL)
                                                                  :
RAFAEL MARTINEZ,                                                  :    MEMORANDUM &
                                                                  :       ORDER
                            Defendant.                            :
                                                                  :
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/08/2023

LEWIS J. LIMAN, United States District Judge:

Defendant Rafael Martinez ("Defendant" or "Martinez") moves, pursuant to Federal Rule of Criminal Procedure 7(f), for an order directing the Government to file a bill of particulars with respect to Count One of the Superseding Indictment. Dkt. No. 57. The motion is denied.

## BACKGROUND

Count One of the Superseding Indictment charges Defendant with wire fraud, in violation of 18 U.S.C. § 1343, and reads as follows:

> From in or about April 2020 through at least in or about February 2022, in the Southern District of New York and elsewhere, RAFAEL MARTINEZ, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, which affected a financial institution, to wit, MARTINEZ engaged in a scheme to fraudulently obtain millions of dollars in capital from an insurance company (the "Company") and the Federal Reserve Bank of San Francisco, in order to issue loans through the Paycheck Protection Program (the "PPP"), and thereby to fraudulently earn PPP lender fees, through false and fraudulent pretenses, representations, and documents, including by making false statements to the United States Small Business Administration (the "SBA") in order to obtain approval for MARTINEZ's company, MBE Capital Partners, LLC ("MBE"), to become a non-bank PPP lender.

Dkt No. 50 ¶ 1.

Defendant asks for a bill of particulars setting forth as to Count One: (1) the alleged deceived parties in addition to the SBA; (2) the alleged material misrepresentations or omissions made to those parties; (3) when those alleged material misrepresentations or omissions were made; and (4) who made those alleged material misrepresentations or omissions (if not Defendant). Dkt. No. 57 at 2. Defendant argues that a bill of particulars is needed so that he can (1) determine whether the Government is alleging deception of any entity other than the SBA; (2) "assess the [G]overnment's evidence of any alleged deception of those entities, including questions as to materiality and causality"; and (3) review and investigate the context and chronology of any alleged misrepresentations. Dkt. No. 57 at 3–4. The Government counters that Defendant "has more than sufficient notice of the nature of the charges in this case." Dkt. No. 61 at 3.

## DISCUSSION

Rule 7(f) of the Federal Rules of Criminal Procedure authorizes the Court to "direct the government to file a bill of particulars." Fed. R. Cr. P. 7(f). The purpose of a bill of particulars is to permit a defendant "to identify with sufficient particularity the nature of the charges pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987); *see also United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988) (same). However, "'[a] bill of particulars is not a general investigative tool, a discovery device or a means to compel the government to disclose evidence or witnesses to be offered prior to trial.'" *United States v. D'Amico*, 734 F. Supp. 2d 321, 335 (S.D.N.Y. 2010) (quoting *United States v. Gibson*, 175 F. Supp. 2d 532, 537 (S.D.N.Y. 2001)). The district court has broad discretion in determining whether to grant a motion for a bill of particulars. "Courts are only required to grant a bill of particulars 'where the charges of the

indictment are so general that they do not advise the defendant of the specific acts of which he is accused.'" *United States v. Raniere*, 384 F. Supp. 3d 282, 322 (E.D.N.Y. 2019) (quoting *United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004)).

Defendant has not established that he is entitled to a bill of particulars. Defendant was arrested on a criminal complaint, Dkt. No. 1 ("Complaint"), which contains lengthy evidentiary detail. *See Bortnovsky*, 820 F.2d at 574 ("Generally, if the information sought by defendant is provided in the indictment or in some acceptable alternate form, no bill of particulars is required."). The Complaint outlines a scheme with a discrete number of alleged misrepresentations made over a limited period of time and to a defined group of alleged victims. *See, e.g.*, Dkt. No. 1 ¶¶ 10–13, 19–31, 32–34. The Complaint describes how on or about April 5, 2020, Defendant submitted an application to the SBA for a Paycheck Protection Program ("PPP") loan, which contained numerous misrepresentations, *id.* ¶¶ 10, 19–23, and, on or about April 9, 2020, submitted an application to the SBA to become a non-bank PPP lender with additional misrepresentations and fraudulent financial statements. *Id.* ¶¶ 11, 24–31. Thereafter, Defendant submitted various documents, including the same fraudulent financial statements, to a life insurance company as part of a proposed partnership to fund PPP loans for minority- and women-owned small businesses. *Id.* ¶¶ 12, 32–34. The Complaint describes how Defendant's submissions were false, *id.* ¶¶ 24–26, 29–31, and that Defendant entered into a PPP Liquidity Facility with a Federal Reserve Bank to request advances secured by pledges of PPP loans issued by Defendant's company, MBE, *id.* ¶¶ 34-35. As a result of these misrepresentations, MBE was able to issue a total of approximately $823 million in PPP loans to approximately 36,600 businesses for the period May 3, 2020 to June 29, 2021. *Id.* ¶ 35. Moreover, the Government has provided extensive discovery to date, with an index of the items produced identified by

category and Bates number range. Dkt. No. 61 at 4. Indeed, much of the discovery has been provided in a format that allows it to be loaded, reviewed, and searched by Defendant. *Id.*; *see United States v. Bin Laden*, 92 F. Supp. 2d 225, 233-34 (S.D.N.Y. 2000) (noting that in determining whether the Government should be required to provide a bill of particulars, a court should consider whether "the information sought has been provided elsewhere, such as in other items provided by discovery"). It may true that the Government supplies such indices "in nearly every case," Dkt. No. 62 at 1–2, but that fact does not mean that the indices are insufficient for the defense to prepare its case.

Thus, this is not a case in which the defense has been left uncertain about the nature of the charges pending against him, unable to prepare for trial and unable to interpose a plea of double jeopardy should he prevail. This also is not a case in which the Government has provided "mountains of documents to defense counsel who [is] left unguided as to which document would be proven falsified," impermissibly shifting the burden of proof to the defense. *Bortnovsky*, 820 F.2d at 575. The defense's argument throughout this case has emphasized that the Government's proof will be legally insufficient to sustain a charge of wire fraud, *see* Dkt. Nos. 51, 53, not that the defense lacks knowledge of the general contours of that count or is otherwise unable to prepare a defense. The Complaint generally informs the defense of the nature of the misrepresentations—they are misrepresentations in connection with PPP loans both received by MBE and made by MBE between 2020 and 2021. The defense has been provided copies of the documents containing the misrepresentations, which are primarily alleged to have been in writing. If the Defendant himself did not make the misrepresentations, it will be easy enough for him to discover that and to investigate who made them on his behalf. *See United States v. Berganza*, 2005 WL 372045, at *6 (S.D.N.Y. Feb. 16, 2005) (holding that a request of "wheres,

whens, and with whoms" of a crime is not a proper subject for a bill of particulars and collecting cases). For the same or similar reasons, because Defendant has knowledge of the limited misrepresentations alleged by the Government and the nature of those alleged misrepresentations, a bill of particulars is not necessary for the defense to investigate when the misrepresentations were made, who made and who received the misrepresentations, and the context of the misrepresentations.

The defense claims it does not know if the Government will claim that the Federal Reserve was also defrauded. Dkt. No. at 61 at 1. But it can investigate whether the Federal Reserve was defrauded and prepare a defense if the Government offers evidence that false statements were made to the Federal Reserve. More generally, the Complaint and discovery give the defense the means to easily investigate who received the alleged false statements and thus to discover whether any such statements were made to the Federal Reserve. The defense is not entitled to a preview of how the Government will argue its case. At worst, the defense will be pleasantly surprised if the Government does not offer any such evidence. But that would not distinguish this case from any other, in which the defense must prepare for different eventualities without knowing precisely how the Government will try its case.

It may be easier for the defense to prepare for trial if the Government were to reveal its theory of prosecution and the evidentiary detail that it will offer in support of that theory. But that is not the function of a bill of particulars. "As a general matter, in our adversarial system, it is incumbent on the defense to review the discovery for itself to determine its significance; it is not the role of the government to tell the defense everything that is important and why." *United States v. Ray*, 2021 WL 3168250, at *9 (S.D.N.Y. July 27, 2021); *cf. United States v. Ohle*, 2011 WL 651849 (S.D.N.Y. Feb. 7, 2011), *aff'd*, 441 F. App'x 798 (2d Cir. 2011). The only

5

function of a bill of particulars in this case would be to place the Government in a strait jacket and to force it to reveal, far in advance of trial, its "'trial strategy [and] . . . the minutiae of how it will prove the charges.'" *United States v. Sindone*, 2002 WL 48604, at *1 (S.D.N.Y. Jan. 14, 2002) (citing *United States v. Wilson*, 565 F. Supp. 1416, 1438 (S.D.N.Y. 1983) (Weinfeld, J.)); *see also United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990) ("Acquisition of evidentiary detail is not the function of the bill of particulars." (quoting *Hemphill v. United States,* 392 F.2d 45, 49 (8th Cir.))).  For those reasons, Defendant's request must be denied.  *See United States v. Silberstein*, 2003 WL 21488024, at *6 (S.D.N.Y. June 27, 2003) (denying request for particulars in bank fraud case where the information requested "could serve to limit the Government's proof at trial").

## CONCLUSION

The motion for an order directing the Government to file a bill of particulars is DENIED. The Clerk of Court is respectfully directed to close Dkt. No. 57.

SO ORDERED.

Dated: March 8, 2023
New York, New York

_____
LEWIS J. LIMAN
United States District Judge