UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:
                              - v. -                        :      CONSENT PRELIMINARY ORDER
                                                        OF FORFEITURE AS TO SPECIFIC
:      PROPERTY/
RAFAEL MARTINEZ,                                MONEY JUDGMENT
:
                      Defendant.                        S2 22 Cr. 251 (LJL)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

          WHEREAS, on or about March 23, 2023, RAFAEL MARTINEZ (the "Defendant") was charged in a one-count superseding Information, S2 22 Cr. 251 (LJL) (the "Information"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 371 (Count One);

          WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), of any and all property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the commission of the offense charged in Count One of the Information, including but not limited to, a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information that the Defendant personally obtained and the following specific property:

          a.      $250,273.84 formerly on deposit in JPMorgan Chase Bank, N.A. account number 3375794608, held in the name of Rafael Martinez, seized by the Government on or about March 8, 2022;

          b.      $10,544,757.26 formerly on deposit in Carver Federal Savings Bank account number 110013868, held in the name of "MBE Capital Partners, LLC," seized by the Government on or about March 9, 2022;

          c.      $4,560,000 formerly on deposit in Citibank, N.A. account number 9348809151, held in the name of Rafael Martinez, seized by the Government on or about March 9, 2022;

    d.  The real property commonly described as 21 Shinnecock Trails, Franklin Lakes, New Jersey 07417, more particularly described as Lot 7.01 on Block 1106.05 in the Municipality of Franklin Lakes in Bergen County, as recorded on April 15, 2021, and associated with Document No./Book-Page: 2021057494 / 4081-102;

    e.  The real property commonly described as a 1.19-acre lot on Costamar 10, Casa De Campo, 22000 Buena Vista, Dominican Republic, at the location with Global Positioning System coordinates 18.42557, -68.96918;

    f.  A White 2017 Ferrari Model 488 Spider, with VIN No. ZFF80AMAXH0228614, and New Jersey License Plate No. D7NWE;

    g.  A Black 1962 Mercedes Benz Model 190, with VIN No. 1210421000394, and New Jersey License Plate No. S69NAZ;

    h.  A Black 2021 BMW Model 750, with VIN No. WBA7U2C04MCF02203, and New Jersey License Plate No. R56PBG;

    i.  A 2017 Bentley Model Continental GT, with VIN No. SCBFT7ZA9HC061995; and

    j.  A 2018 Porsche Model 911 Turbo, with VIN No. WP0CD2A98JS162197, and New Jersey License Plate No. M38PVZ.

(a. through j., collectively, the "Specific Property");

    WHEREAS, on or about March 23, 2023, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Count One of the Information and agreed to forfeit to the United States: (i) pursuant to Title 18, United States Code Section 982(a)(2)(A), a sum of money equal to $44,546,712.94 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Information that the Defendant personally obtained; and (ii) all right, title, and interest of the Defendant in the Specific Property;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $44,546,712.94 in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property, which constitutes proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney DAMIAN WILLIAMS, United States Attorney, Assistant United States Attorneys Katherine C. Reilly, Micah F. Fergenson, and Steven J. Kochevar, of counsel, and the Defendant and his counsel, Randall Jackson, Telemachus Kasulis, and Michael Schacter, Esq., that:

1. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $44,546,712.94 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense

charged in Count One of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant RAFAEL MARTINEZ, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Department of Treasury, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. The United States Department of Treasury is authorized to deposit the payments on the Money Judgment in the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Department of Treasury (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the

United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____     March 23, 2023
KATHERINE C. REILLY              DATE
MICAH F. FERGENSON
STEVEN J. KOCHEVAR
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007
(212) 637-6521 / 2190 / (914) 993-1928

RAFAEL MARTINEZ

By: _____     3/23/23
RAFAEL MARTINEZ                   DATE

By: _____     3/23/23
RANDALL JACKSON, ESQ.             DATE
TELEMACHUS KASULIS, ESQ.
MICHAEL SCHACTER, ESQ.
Attorneys for Defendant

SO ORDERED:

_____         3/24/2023
HONORABLE LEWIS J. LIMAN          DATE
UNITED STATES DISTRICT JUDGE