N3NBMARP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                        22 Cr. 251 (LJL)

RAFAEL MARTINEZ,


                  Defendant.

                                      PLEA
------------------------------x

                                      New York, N.Y.
                                      March 23, 2023
                                      2:30 p.m.


Before:

                  HON. LEWIS J. LIMAN,

                                      District Judge

                        APPEARANCES

DAMIAN WILLIAMS
      United States Attorney for the
      Southern District of New York
BY:   KATHERINE REILLY
      MICAH FERGENSON
      STEVEN KOCHEVAR
      Assistant United States Attorneys

MICHAEL SCHACHTER
RANDALL JACKSON
      Attorneys for Defendant

N3NBMARP

(Case called; appearances noted)

THE COURT:  Good morning.  Ms. Ferguson, the reason for our appearance today?

MS. REILLY:  Ms. Reilly, your Honor.

THE COURT:  Ms. Reilly, sorry.

MS. REILLY:  Yes, your Honor. We're here to have Mr. Martinez arraigned on the superseding information and for a change of plea.

THE COURT:  Is that correct, Mr. Jackson and Mr. Schachter?

MR. SCHACHTER:  Yes, your Honor.

THE COURT:  I've got the waiver of indictment in front of me.  I've got the superseding information and the plea agreement.  Let me address myself to you, Mr. Martinez.  I understand that you wish to waive indictment and to plead guilty to the superseding information.  Is that correct?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Before I accept your guilty plea and your waiver of indictment, I'm going to ask you certain questions so that I can establish to my satisfaction that you wish to waive indictment and to plead guilty because you are guilty and not for some other reason.  And also to establish that you know what you will be giving up by waiving indictment and by pleading guilty.

If you do not understand any of my questions or if you

N3NBMARP

want to consult with your lawyers at any time for any reason, just let me know and I will give you as much time as you need to do that because it is essential in order to have a valid waiver of indictment and a valid plea that you understand each question before you answer.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Mr. Fishman, would you please swear in Mr. Martinez.

(Defendant sworn)

THE COURT:  You may be seated.  So, Mr. Martinez, you're now under oath, which means that if you answer any of my questions falsely, you may be prosecuted for the separate crime of perjury.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  What is your full name?

THE DEFENDANT:  Rafael Nicholas Martinez.

THE COURT:  And how old are you?

THE DEFENDANT:  57.

THE COURT:  How far did you go in school?

THE DEFENDANT:  Three and three quarter years.

THE COURT:  And where was that?

THE DEFENDANT:  Between Syracuse and FIT for a production management degree.

N3NBMARP

THE COURT:  Have you ever been treated or hospitalized for any mental illness?

THE DEFENDANT:  No, your Honor.

THE COURT:  Are you now or have you recently been under the care of a doctor or a psychiatrist?

THE DEFENDANT:  No your Honor.

THE COURT:  Have you ever been treated or hospitalized for any type of addiction, including drug or alcohol addiction?

THE DEFENDANT:  No, your Honor.

THE COURT:  Have you taken any drugs, medicine or pills or drunk any alcoholic beverages in the past two days?

THE DEFENDANT:  No, your Honor.

THE COURT:  Is your mind clear today?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand what is happening today?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Mr. Schachter, do you have any doubt as to Mr. Martinez's competence to waive indictment and to plead at this time?

MR. SCHACHTER:  I do not.

THE COURT:  Does the government have any doubt as to Mr. Martinez's competence to waive indictment and to plead at this time?

MS. REILLY:  No, your Honor.

THE COURT:  On the basis of Mr. Martinez's responses

N3NBMARP

to my questions, my observations of his demeanor here in court today and the representations of counsel, I find that he is fully competent to waive indictment and to enter an informed plea of guilty at this time.

Now, Mr. Martinez, have you received a copy of the information containing the charge against you?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Did you read it?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you waive the public reading of the information?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Have you had enough of a chance to discuss with your lawyer the charge to which you intend to plead guilty and any possible defenses to that charge?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Has your lawyer explained to you the consequences of waiving indictment and of pleading guilty?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Are you satisfied with the reputation you've received from your lawyers?

THE DEFENDANT:  Very, yes, your Honor.

THE COURT:  I have in front of me a waiver of indictment form.  I'm going to mark that as Court Exhibit No. 1.  I'm going to give it today's date.  I'm going to have my

N3NBMARP

deputy show it to you and ask you to confirm that that is in fact your signature on the waiver of indictment form.  And then after you've inspected the form, my deputy is going to give it to Ms. Reilly for her to hold on to for safekeeping.

Do you have Court Exhibit No. 1, the waiver of indictment form?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Is that your signature on the form?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Mr. Fishman, you may retrieve it.  Before you signed the form, Mr. Martinez, did you discuss it with your lawyers?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Did they explain it to you?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand that you are under no obligation to waive indictment?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand if you do not waive indictment and the government wants to prosecute you, it would have to present the case to a grand jury which may or may not indict you on this charge?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand that by waiving indictment, you're giving up your right to have this case

N3NBMARP

presented to a grand jury?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand what a grand jury is?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Mr. Schachter, do you know of any reason that I should not find that Mr. Martinez has knowingly and voluntarily waived his right to be indicted by a grand jury?

MR. SCHACHTER:  No, I do not.

THE COURT:  Does the government know of any reason I should not find that the defendant Mr. Martinez has knowingly and voluntarily waived his right to be indicted by a grand jury?

MS. REILLY:  No, your Honor.

THE COURT:  I find that Mr. Martinez has knowingly and voluntarily waived his right to be indicted by a grand jury, and I authorize the filing of the information.

Now, sir, I'm going to explain to you certain constitutional rights that you have.  These are rights that you will be giving up if you enter a guilty plea.  Please listen carefully to what I am about to say.  If you do not understand something, stop me and your lawyer or I will explain the matter more fully.

Under the Constitution and laws of the United States, you have a right to plead not guilty to the charge contained in the information.  Do you understand that?

N3NBMARP

THE DEFENDANT:  Yes, I do, your Honor.

THE COURT:  If you did plead not guilty, you would be entitled to a speedy and public trial by a jury on the charge contained in the information.

Do you understand that?

THE DEFENDANT:  Yes, I do, your Honor.

THE COURT:  At a trial, you would be presumed to be innocent, and the government would be required to prove you guilty by competent evidence beyond a reasonable doubt before you could be found guilty.

Do you understand that?

THE DEFENDANT:  Yes, I do, your Honor.

THE COURT:  A jury of 12 people would have to agree unanimously that you were guilty, and you would not have to prove that you were innocent if you were to go to trial.

Do you understand that?

THE DEFENDANT:  Yes, I do, your Honor.

THE COURT:  At that trial and at every stage of the case, you would be entitled to be represented by a lawyer.  And if you could not afford a lawyer, one would be appointed at public expense, free of cost or any charge to you to represent you.  Do you understand that?

THE DEFENDANT:  Yes, I do, your Honor.

THE COURT:  During the trial, the witnesses for the government would have to come to court and testify in your

N3NBMARP

presence.  Your lawyer could cross-examine the witnesses for the government, object to evidence offered by the government and offer evidence on your own behalf if you so desired.  And you would have the right to have subpoenas issued or other process used to compel witnesses to testify in your defense. Do you understand that?

THE DEFENDANT:  Yes, I do, your Honor.

THE COURT:  At a trial, although you would have the right to testify if you chose to do so, you would also have the right not to testify.  And if you decided not to testify, no one, including the jury could draw any inference or suggestion of guilt from the fact that you did not testify.

Do you understand that?

THE DEFENDANT:  Yes, I do, your Honor.

THE COURT:  I'm not sure whether this is applicable, but let me ask.  Have you had a full opportunity to discuss with your lawyers whether there is a basis to seek suppression of some or all of the evidence against you on the grounds that your constitutional rights were violated?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that by pleading guilty, you are giving up your right to make any pretrial motions or to seek suppression of any evidence against you other than the motions you've made already?

THE DEFENDANT:  Yes, I do, your Honor.

N3NBMARP

THE COURT:  If you were convicted at trial, you would have the right to appeal that verdict.  Do you understand that?

THE DEFENDANT:  Yes, I do, your Honor.

THE COURT:  Even now as you're entering this plea, you have the right to change your mind and plead not guilty and go to trial on the charges contained in the information.

Do you understand that?

THE DEFENDANT:  Yes, I do, your Honor.

THE COURT:  If you plead guilty, and if I accept your plea, you will give up your right to a trial and the other rights I've just discussed, other than the right to a lawyer, which you have regardless of whether or not you plead guilty.  But there will be no trial, and I will enter a judgment of guilty and sentence you on the basis of your plea after I've considered a presentence report and whatever submissions I get from your lawyer and the lawyer for the government.

There will be no trial and no appeal with respect to whether you did or did not commit the crime charged in the information.  Do you understand that?

THE DEFENDANT:  Yes, I do, your Honor.

THE COURT:  If you plead guilty, you will also have to give up your right not to incriminate yourself, because I will ask you questions about what you did in order to satisfy myself that you're guilty as charge, and you'll have to admit and acknowledge your guilt.  Do you understand that?

N3NBMARP

THE DEFENDANT:  Yes, I do, your Honor.

THE COURT:  Do you understand each and everyone of these rights?

THE DEFENDANT:  Yes, I do, your Honor.

THE COURT:  Mr. Martinez, are you willing to give up your right to a trial and the other rights I've just discussed with you?

THE DEFENDANT:  Yes, I am, your Honor.

THE COURT:  Do you understand you're charged in Count One of the superseding information with conspiracy to commit wire fraud in violation of 18 U.S.C. Section 371?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Would the government please state the elements of the offense in question.

MS. REILLY:  Certainly, your Honor.  The offense has three elements.  First, that the conspiracy charged in the superseding information existed, specifically that there was an agreement or understanding between two or more people to commit wire fraud.

Second, that the defendant knowingly and willfully became a member of that conspiracy; and third that anyone of the co-conspirators knowingly committed at least one overt act in furtherance of the conspiracy.

THE COURT:  Were you able to follow what the lawyer for the government said?

N3NBMARP

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And do you understand that if you were to go to trial, the government would have to prove all of those elements beyond a reasonable doubt?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand also that the government would have to prove venue, an act occurred in this district by a preponderance of the evidence?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Now I'm going to tell you about the maximum possible penalty for this crime.  The maximum means the most that could possibly be imposed.  It doesn't mean that that is what you necessarily will receive, but you have to understand that by pleading guilty you are exposing yourself to the possibility of receiving any combination of punishments up to the maximum I'm about to describe.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  First I'm going to tell you about the possible restrictions on your liberty.  The maximum term of imprisonment for the crime charged in Count One is five years, which could be followed by up to three years of supervised release.

Supervised release means you will be subject to supervision by the probation department.  There will be rules

N3NBMARP

of supervised released you'll have to follow.  And if you violate those rules, you can be returned to prison without a jury trial to serve additional time with no credit for time you served in prison as a result of your sentence, and no credit for any time spent on post-release supervision.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  You should also understand that there is no parole in the federal system.  And that if you were sentence to prison, you will not be released early on parole. There is a limited opportunity to earn credit for good behavior, but you'll have to serve at least 85 percent of the time you're sentenced to.  Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Second, in addition to these restrictions on your liberty, the maximum possible punishment also includes certain financial penalties.  The maximum allowable fine is $250,000 or twice the gross pecuniary gained derived from the offense, or twice the gross pecuniary loss to persons other than yourself, whichever is greater.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  In addition, I am required to order restitution to any person or entity injured as a result of your criminal conduct which you and the government agree is in the

N3NBMARP

amount of $71,711,893.07.  Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And is that the figure that you and the government have agreed upon?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  I can also order you to forfeit all property constituting or derived from the offense.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  In your plea agreement with the government, it is indicated that you admit to the forfeiture allegation, and you agree to forfeit to the United States a sum of money equal to $44,546,712.94 representing proceeds traceable to the commission of the offense and all right, title and interest you have in a number of items of property that I'll go over with you.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Did you agree to that forfeiture?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Finally, I must also order a mandatory special assessment of $100 dollars.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand these are the possible

N3NBMARP

maximum financial penalties?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Are you a United States citizen?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand that as a result of your guilty plea, you may lose certain valuable civil rights to the extent that you have them or could otherwise obtain them now, such as the right to vote, the right to hold public office, the right to serve on a jury and the right to possess any kind of a firearm.  Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Are you serving any other sentence, state or federal or being prosecuted in state court for any crime?

THE DEFENDANT:  No, your Honor.

THE COURT:  Do you understand that if your lawyer or anyone else has attempted to predict for you what your sentence will be that their prediction could be wrong.  No one, not your lawyer, not the government's lawyer, no one can give you any assurance of what your sentence will be since I'm going to decide your sentence and I'm not going to do that now.

I'm going to wait until I receive a presentence report prepared by the probation department and until I receive sentencing submissions from your lawyer and the lawyer for the government.  After I receive that material, I'm going to do my own independent calculation of the sentencing guidelines range.

N3NBMARP

I'm going to consider it and any possible departures from it, and I'm going to consider what a reasonable sentence is for you based on the sentencing factors contained in the statute found at 18 U.S.C Section 3553(a).  Do you understand all of that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Have you discussed those issues with your lawyer?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Even if your sentence is different from what your lawyer or anyone else's told you it might be, even if it's different from what you expect or from what's contain in the written plea agreement you've entered into with the government, you will still be bound by your guilty plea and will not be allowed to withdraw your plea of guilty.

Do you understand that?

THE DEFENDANT:  Yes, your Honor, I'm aware.

THE COURT:  I have the written plea agreement that you've entered into with the government.  I'm marking that as Court Exhibit No. 2.  I'm going to give it today's date, and in a moment I'm going to have my courtroom deputy show it to you for your inspection.  It's dated March 15, 2023.  It's addressed to your lawyer Mr. Schachter, Mr. Jackson and Mr. Kasulis, and it's from Assistant United States Attorney Reilly.

I'm going to ask you, sir, whether that is in fact

N3NBMARP

your signature on the last page of the agreement and whether you signed it today in the presence of your lawyers. Mr. Fishman. Do you have Court Exhibit No. 2 in front of you?

THE DEFENDANT: Yes, your Honor.

THE COURT: Is that your signature on the last page?

THE DEFENDANT: Yes, your Honor.

THE COURT: Did you sign it today in the presence of your lawyer?

THE DEFENDANT: Yes, your Honor.

THE COURT: Mr. Fishman, you may retrieve and bring it back to me. Did you read the plea agreement before you signed it?

THE DEFENDANT: Yes, your Honor.

THE COURT: And did you discuss it with your lawyers before you signed it?

THE DEFENDANT: Yes, your Honor.

THE COURT: Did you fully understand it before you signed it?

THE DEFENDANT: Yes, I did, your Honor.

THE COURT: Now, I want to go over some of the features of the agreement that you've got with the government to establish to my satisfaction that you understand the agreement and what you've agreed to.

One of the features of your agreement with the government is that you've agreed on the guidelines range that

N3NBMARP

applies in this case.  Something called a stipulated guideline range.  Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Now the plea agreement provides that you agree that the stipulated guidelines range would be 108 to 135 months of imprisonment; but because the statutory maximum for your crime is 60 months of imprisonment, the applicable guidelines is 60 months of imprisonment.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  You also have agreed that the applicable fine range is $30,000 to $300,000.  Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  That agreement is binding on you, and it's binding on the government, but it's not binding on me.  I have my own obligation to determine the correct guidelines range and what the appropriate sentence is in your case.  I'm not saying that I will come up with any range different from the one you've agreed to with the government.  But if I do, then I will not let you withdraw your plea even if the range I determine is higher than the one you've agreed to with the government.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  In your plea agreement you've also waived your right to appeal or otherwise challenge any sentence that

N3NBMARP

is 60 months or below.  In other words, if I sentence you to 60 months or anything less than 60 months, you would have no right to appeal or otherwise try to challenge that sentence.

Do you understand that?

THE DEFENDANT:  I understand that, your Honor.

THE COURT:  You've also agreed not to appeal or bring a collateral challenge to any fine that is less than or equal to $300,000.  Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  You've also agreed not to appeal or bring a collateral challenge to any restitution amount that is less than or equal to $71,711,893.07.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  You've also agreed not to appeal or bring a collateral challenge to any forfeiture amount that is less than or equal to the sum of $44,546,712.94.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  You've also agreed not to appeal or bring a collateral challenge to the special assessment of $100.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Now, I'd like to go over with you the forfeiture provisions to make sure that you understand what's

N3NBMARP

contained in the plea agreement and that you've agreed to it. The plea agreement provides that you admit to the forfeiture allegation, and that you agree to forfeit to the government both a sum of money equal to $44,546,712.94, and that you've also agreed to forfeit all right, title and interest that you have in a number of items of specific property numbered or lettered A through J in the agreement.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And do you agree to forfeit both that sum of money and all right, title and interest that you've got in the specific property that is lettered A through J?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand that you've also agreed that you will not file a claim or petition for remission of mitigation in any forfeiture proceeding involving that specified specific property in A through J, and will not cause or assist anyone else in doing so?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And you've also agreed to take all necessary steps to pass clear title to that property, including but not limited to the execution of all necessary documentation.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

N3NBMARP

THE COURT:  And do you further understand that any forfeiture of your assets will not be treated as satisfaction of any fine, restitution, cost of imprisonment or any other penalty that I may impose upon you in addition to forfeiture?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Are there any other provisions of the plea agreement, Ms. Reilly, that I should go over with the defendant?

MS. REILLY:  No, your Honor.

THE COURT:  Mr. Schachter, any other provisions of the plea agreement I should go over with the defendant?

MR. SCHACHTER:  No, your Honor.  I just wish to note that with respect to some of the items of property, they are actually not in Mr. Martinez's possession for some period of time, which we've discussed with the government and the government is aware of.

THE COURT:  Mr. Martinez, does this written plea agreement constitute your complete and total understanding of the entire agreement between you and the government?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Other than what's written in this agreement, has anyone made any promises to you or offered you any inducements to plead guilty or to sign this agreement?

THE DEFENDANT:  No, your Honor.

THE COURT:  Has any threatened you or forced you to

N3NBMARP

plead guilty or to sign the plea agreement?

THE DEFENDANT:  No, your Honor.

THE COURT:  Has anyone made a promise to you as to what your sentence will be?

THE DEFENDANT:  No, your Honor.

THE COURT:  OK.  Now what I would like you to do now is to explain to me in your own words what it is that you did that makes you believe that you are guilty of the charge contained in Count One of the information.  Please take your time so that I can hear you and the court reporter can pick it up.

THE DEFENDANT:  Sure, your Honor.  So on April 20th-- excuse me, 2020, I participated in a conspiracy to commit wire fraud.  In furtherance of that, I submitted false documents to the Small Business Administration, the SBA, in order to further my company's application to become a PPP non-bank lender, which was one of the programs available to finance companies at the time.

We've also submitted documentation in question to potential financial partners who were going to prefund some of the original loans that we made.  Providing loans at that point was a critical issue for me, which was providing loans to women minority owned companies.  So I specifically took the responsibility to do whatever I needed to do to submit those applications.  I understand interstate wires were sent from the

N3NBMARP

Southern District in and out.  And I'm here today to, as I've always done, take responsibility for my actions.  Embarrassed, my daughter is here, and sorry because my entire life I've done the right thing to help others.  And as they say, I've went over my skis, and I'm here to take full responsibility for my actions.

THE COURT:  As part of the conspiracy, was there a false or a fraudulent form submitted to a financial institution?

THE DEFENDANT:  Yes.

THE COURT:  And did you know what you was doing was wrong?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Did you know that it was illegal?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Are there any other questions that the government would have me ask?

MS. REILLY:  Your Honor, I think Mr. Martinez said at the very beginning that he participated in a conspiracy, but we would just ask that you allocute him specifically that he agreed with someone else to undertake the conduct he's described.

THE COURT:  Let me ask that question.  Did you agree with somebody else to undertake the contact that you undertook?

THE DEFENDANT:  Yes, your Honor.

N3NBMARP

THE COURT:  Anything else from the government?

MS. REILLY:  No, thank you, your Honor.

THE COURT:  Mr. Schachter, let me ask you if you know of any valid defense that would prevail at trial or any reason why your client should not be permitted to plead guilty?

MR. SCHACHTER:  No, your Honor.

THE COURT:  Do you agree that there is a sufficient factual predicate for the guilty plea?

MR. SCHACHTER:  Yes, your Honor.

THE COURT:  Do you know of any reason I should not accept your client's plea of guilty?

MR. SCHACHTER:  No, I do not.

THE COURT:  Would the government please summarize for me some of what the government's evidence would be if the defendant were to go to trial.

MS. REILLY:  Certainly, your Honor.  If we were to proceed to trial, the government would expect to introduce communications with and applications submitted to the Small Business Administration, the Federal Reserve Bank of New York, an insurance company and a federally insured financial institution.  Those were submitted by the defendant, and they include false statements, doctored documents and a fraudulent signature.  The government would also expect to introduce financial records, tax returns and bank documents that show both MBE, the defendant's company's true financial condition,

N3NBMARP

as well as the receipt of funds from the insurance company, the federal reserve bank and the Small Business Administration and how those funds were dispersed.

The government would further expect to call witnesses to testify, including individuals who worked for and with MBE, individuals from the Small Business Administration, from the federally insured financial institution, the Federal Reserve Bank of New York, and the insurance company, as well as the accountant whose signature was forged on the documents we described.

THE COURT:  Did you hear what the government lawyer said, Mr. Martinez?

THE DEFENDANT:  Yes, I did, your Honor.

THE COURT:  And did you do the stuff that she said that you did?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Does the government agree that there is a sufficient factual predicate for the guilty plea?

MS. REILLY:  Yes, your Honor.

THE COURT:  Does the government know of any reason that I should not accept the defendant's plea of guilty?

MS. REILLY:  No.

THE COURT:  Mr. Martinez, how do you plead to Count One of the information?

THE DEFENDANT:  Guilty, your Honor.

N3NBMARP

THE COURT:  Mr. Martinez, because you acknowledge that you are in fact guilty as charged in Count One of the information, because I am satisfied that you know of your rights, including your right to go to trial, and that you're aware of the consequences of your plea, including the sentence which may be imposed; and because I find that you knowingly and voluntarily entered into the plea agreement and are knowingly and voluntarily pleading guilty, I accept your guilty plea to Count One of the information, and I enter a judgment of guilty on Count One of the information.

The probation department will want to interview you in connection with a presentence report that it will prepare. Mr. Schachter, Mr. Jackson, I assume that you wish to be present for any interview in connection with that report?

MR. SCHACHTER:  Yes, your Honor.

THE COURT:  I order that there be no interview unless counsel is present.  Mr. Martinez, if you choose to speak to the probation department, make sure that anything you say is truthful and accurate.  I will read the report carefully, and it is important to me in deciding what sentence to impose.  You and your counsel have a right to examine the report and to comment on it at the time of sentencing.

I urge you to read it and discuss it with your lawyer before sentencing.  If there are any mistake in it, point them out to your lawyer so that your lawyers can bring the mistake

N3NBMARP

or issues to my attention before sentence.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Let me come up with a proposed date for sentencing.  Mr. Schachter, Mr. Jackson, and your client, does July 6, at 12 noon work for you?  If you want to consult with your client and with his family, that's fine.

MR. SCHACHTER:  Your Honor, just because that's the week of 4th of July, is it possible to do something in the following week?

THE COURT:  I'm sure we can arrange that.  July 11th, 12 noon.  You want to confer with your client and his daughter.

MR. SCHACHTER:  Yes, your Honor.  Thank you.

THE COURT:  That works for government I assume?

MS. REILLY:  Yes, your Honor.

THE COURT:  Sentencing is set for July 11, 12 noon.  I direct the government to provide the probation officer with its factual statement within seven days.  Defense counsel must arrange for the defendant to be interviewed by probation within the next two weeks.

Counsel, I want to refer you to my individual rules and practices for criminal cases available on the court's website, which contain my rules regarding sentencing submissions.  In accordance with those rules, the defense submissions are due two weeks prior to sentencing.  The

N3NBMARP

government submissions are due one week prior to sentencing.  I realize that that maybe July 4th.  You can submit it on July 5th from the government's perspective.

Mr. Schachter, I don't impose any page limits on sentencing submissions, so anything that you believe is pertinent to sentencing, please bring to my attention.  I assume that bail can be continued as set?

MS. REILLY:  Yes, your Honor.

THE COURT:  What are the conditions?  Can you remind me.

MS. REILLY:  Your Honor, just give me one moment.  I don't have those right at hand.

THE COURT:  Was he released on his own recognizance?

MS. REILLY:  He was released on a bond.  I don't have the precise conditions.

THE COURT:  The bond will be continued as set.  Mr. Martinez, you should understand that all the conditions under which you were released up to now continue to apply, and that a violation of any of those conditions can have very serious consequences for you at the time of sentencing.

Do you understand that?

THE DEFENDANT:  Yes, I do, your Honor.

THE COURT:  You also must be in this courtroom for sentencing at the time and date set, or you will be guilty of a separate crime, that of bail jumping, subject to a find and/or

N3NBMARP

prison term, in addition to whatever sentence you may receive for the crime to which you just plead guilty.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Anything further from the government?

MS. REILLY:  Nothing further.

THE COURT:  Anything further from the defense?

MR. SCHACHTER:  No, your Honor.

THE COURT:  Thank you both, and see you at the time of sentencing.

(Adjourned)